IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLEN CABLE, | ) | |
| | ) | 2:06-cv-0804-GEB-KJM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER[*] |
| | ) | |
| MERIT LIFE INSURANCE COMPANY, and | ) | |
| DOES 1-30, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff moves to remand this action to state court for lack of subject matter jurisdiction and requests $6,090 in attorney fees and costs incurred due to improper removal. Defendant opposes the motion.

BACKGROUND

In June 2004, Elizabeth Franz ("Franz") purchased an Accidental Death and Disbursement Policy from Defendant Merit Life Insurance Company ("Defendant"). (Pl.'s Compl. ¶ 5.) Franz named her son, Plaintiff Glen Cable ("Plaintiff"), as the policy beneficiary. (Id.) Approximately one year later, Franz suffered an accidental death. (Id. ¶¶ 8, 12.) Plaintiff submitted a claim to Defendants for

---

[*] This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

accidental death benefits under the policy, but Defendants refused to pay the policy proceeds to Plaintiff.  (Id. ¶¶ 8-9, 13.)

On March 13, 2006, Plaintiff filed a Complaint against Defendant in Sacramento County Superior Court, asserting claims for breach of contract and breach of the duty of good faith and fair dealing, and requesting an unspecified amount of contractual damages, general damages for mental and emotional distress, punitive damages, and attorney fees.  (Id. ¶¶ 10-31.)  On April 13, 2006, Defendant removed the action to federal court on the basis of diversity jurisdiction.[2]  (Def.'s Not. of Removal ¶ 12.)  Plaintiff subsequently moved to remand the action to state court, arguing no federal diversity jurisdiction exists because the amount in controversy does not exceed $75,000.[3]  (Pl.'s Mot. at 4.)

DISCUSSION

An action filed in state court may be removed to federal court only if it could have been brought there originally.  28 U.S.C. § 1441(a).  The removal statute is strictly construed, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Further, "in diversity cases, where the amount in controversy is in doubt . . . a strong presumption [exists] that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . ."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption' against

---

[2] District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

[3] Plaintiff does not dispute the diverse citizenship of the parties.  (Pl.'s Mot. at 4.)

removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Usually, this burden is satisfied when the plaintiff requests "a sum greater than the jurisdictional requirement" in the complaint. Id. However, when the amount of damages the plaintiff seeks is unclear, the defendant must prove facts supporting the jurisdictional amount by a preponderance of the evidence. Matheson v. Progressive Specialty Ins., 319 F.3d 1089, 1090 (9th Cir. 2003). Thus, the defendant must establish the amount in controversy "more likely than not" exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). The defendant must meet this burden by presenting facts in the removal petition or other "summary-judgment-type evidence relevant to the amount in controversy . . . ." Matheson, 319 F.3d at 1090. "Speculative argument regarding the potential value of the award is insufficient . . . ." Lee v. Reliance Standard Life Ins. Co., 2006 WL 1716396, *1 (E.D. Cal. 2006).

Defendant acknowledges the insurance policy benefits Plaintiff seeks as contractual damages only total $40,000, but asserts the amount in controversy requirement is satisfied because the general damages, attorney fees, and punitive damages Plaintiff seeks in his Complaint will likely exceed $35,000. (Def.'s Not. of Removal ¶ 7.) Plaintiff rejoins that Defendant "has not submitted any evidence or facts to show the amount in controversy is more than $75,000 . . . [and that Defendant only] make[s] blanket statements about [his] request for attorney fees, punitive damages, and emotional distress damages." (Pl.'s Mot. at 5.)

I. Punitive Damages

The amount in controversy includes punitive damages only if those damages are recoverable as a matter of law. Miller v. Michigan Millers Ins., 1997 WL 136242, *4 (N.D. Cal. 1997). Under California law, punitive damages are recoverable by a plaintiff when the defendant refuses to pay insurance policy benefits in bad faith and in conscious disregard of his rights. Id. (citing Neal v. Farmers Ins. Exch., 21 Cal.3d 910, 921-23 (1978)). Plaintiff alleges Defendant consciously disregarded his rights when it refused in bad faith to pay him insurance policy benefits for the accidental death of his mother. (Pl.'s Compl. ¶¶ 16-31.) Consequently, the amount in controversy includes the punitive damages Plaintiff seeks in his Complaint.

Plaintiff does not request a specific amount of punitive damages, but rather "an amount appropriate to punish or set an example of [Defendant]." (Id. at 5.) When the plaintiff does not specify the amount of punitive damages sought, the defendant "may introduce evidence of jury verdicts in cases involving analogous facts" in order to establish the amount of punitive damages the plaintiff would likely recover. Surber, 110 F. Supp. 2d at 1232. In its removal petition, Defendant lists several cases it contends "involved similar causes of action in the insurance claims handling context." (Def.'s Not. of Removal ¶ 10; see also Def.'s Opp'n at 4.) However, review of these cases reveals that each involves extraordinary facts and punitive damages awards. E.g. Fox vs. Health Net, 1993 WL 794305, *1 (Riverside County Superior Court 1993) (jury awarded $77 million in punitive damages where health insurer refused to pay for a bone marrow transplant for a cancer patient); Clayton v. United Services Automobile Assoc., 54 Cal. App. 4th 1158, 1160 (1997) (jury awarded

4

$3.9 million in punitive damages where automobile insurer attempted to settle for a "fraction of the policy limits" a claim by a father for the death of "his 15-year-old only child in an automobile accident"); Hughes v. Blue Cross of N. Cal., 215 Cal. App. 3d 832 (1989) (jury awarded $700,000 where health insurer refused to pay mother for the hospitalization of her mentally ill son who had attempted suicide). Defendant does not explain how these cases are factually similar to this case, but merely asserts that the list of cases demonstrate "punitive damages in this case could . . . exceed the sum of $75,000 if plaintiff were [sic] able to prove the allegations set forth in the Complaint." (Def.'s Not. of Removal ¶ 10.) However, "'[i]t would be inherently speculative for this Court to conclude that the amount in controversy requirement [was] met . . . simply [because] . . . large punitive damage awards have been awarded in the past against insurance companies.'" Miller, 1997 WL 136242, *4 (quoting Haisch v. Allstate Ins. Co., 942 F.Supp. 1245, 1249 (D. Ariz. 1996)). Since "Defendant has failed to articulate why the particular facts that are alleged in the instant action might warrant extraordinary punitive damages . . . no reliable basis [exists] . . . to determine how a potential punitive damages award would sufficiently increase the amount in controversy to meet the jurisdictional requirement." Id.

## II.  General Damages for Emotional Distress

The amount in controversy includes claims for general damages, exclusive of costs and interest. Conrad Associates v. Hartford Acc. & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998); Miller, 1997 WL 136242, *4. Plaintiff does not seek a specific amount of emotional distress damages, but asserts he has experienced "severe anxiety, worry, mental and emotional distress . . . in a sum to be

determined at the time of trial." (Pl.'s Compl. ¶ 29.) Defendant argues Plaintiff might recover a significant amount of emotional distress damages at trial because juries have awarded "emotional distress damages . . . in excessive amounts" in other cases. (Def.'s Opp'n at 6.) In support of its contention, Defendant lists many of the same cases it cited regarding punitive damages. (Compare Def.'s Not. of Removal ¶ 11, with ¶ 12.) Again, however, Defendant fails to explain how the extraordinary facts of these cases are analogous to the facts of this case. (See id. ¶ 12.) As a result, Defendant provides no reliable basis for determining the amount of emotional distress damages likely to be recovered in this case. See Miller, 1997 WL 136242, *4-5.

III. Attorney Fees

The amount in controversy includes attorney fees if those fees are recoverable by statute, contract, or as an element of damages. Miller, 1997 WL 136242, *3-4. Attorney fees incurred by a plaintiff to obtain benefits under an insurance policy are recoverable as an element of damages when the defendant withheld those benefits in bad faith. Id. (citing Brandt v. Superior Court, 37 Cal.3d 813, 816-19 (1985)). Accordingly, the amount in controversy includes the attorney fees Plaintiff has and will incur to obtain the accidental death benefits under the insurance policy. Id.

Defendant argues Plaintiff will likely incur substantial attorney fees because "[o]n this motion to remand alone, [P]laintiff estimates that his attorney has spent (or will spend) a total of $6,090.00 in attorney fees at a rate of $275.00 per hour for a total of 15 hours of work." (Def.'s Opp'n at 7.) Defendant does not estimate the amount of time this case will require to litigate after

the remand motion is decided; Defendant merely states "[i]t is fully likely that [P]laintiff's counsel's ultimate attorney fees . . . exceeds the $75,000 amount-in-controversy requirement." (Def.'s Opp'n at 7.)  However, a "bald statement, unsupported by any evidence" that "[attorney] fees may well, in and of themselves, exceed the jurisdictional minimum . . . does not suffice to create subject matter jurisdiction." Surber v. Reliance Nat'l Indem. Co., 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000); Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (noting that a defendant should "estimate the amount of time each major task will take" in order to demonstrate the likely amount of attorney fees).

In light of the "strong presumption" against removal jurisdiction, Defendant has not established by a preponderance of the evidence that the total amount in controversy exceeds $75,000. The Court is skeptical that the potential damages Plaintiff requests do not exceed the jurisdictional amount, but ultimately, Defendant failed to satisfy its "burden of establishing that removal is proper." Gaus, 980 F.2d at 566.  Therefore, federal jurisdiction "must be rejected . . . [because] there is . . . doubt as to the right of removal in the first instance." Duncan, 76 F.3d at 1485.

IV.   Request for Attorney Fees

Plaintiff requests $6,090 in attorney fees and costs incurred as a result of improper removal from state court. (Pl.'s Mot. at 8.)  "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as the result of removal."  28 U.S.C. 1448(c).  "Such fee awards are within the sound discretion of the court." Rawson v. Tosco Refining Co., 1996 WL 33991, *4 (N.D. Cal. 1996).  Since the damages Plaintiff

seeks are unclear and arguably could have been shown to meet the jurisdictional amount, "an award of attorney fees would not be just." <u>Reilly v. State Farm Mutual Automotive Ins. Co.</u>, 2005 WL 2334343 (N.D. Cal. 20005) (indicating that the plaintiff's potential damages could justify denial of attorney fees for improper removal).  Therefore, Plaintiff's request for attorney fees and costs is denied.

CONCLUSION

Plaintiff's motion to remand this action to Sacramento Superior Court is granted, but his request for attorney fees and costs is denied.  The Clerk of the Court is directed to remand this action to Sacramento Superior Court.

IT IS SO ORDERED.

Dated:  July 14, 2006

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge